UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES T. MURZIKE,

    Plaintiff,

v.                                                                                                  Case No. 3:24cv211-LC-HTC

CAPTAIN J. E. CARR, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James T. Murzike, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to his treatment at Santa Rosa Correctional Institution. Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff failed to truthfully disclose his litigation history.

**I.    LEGAL STANDARD**

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.   FAILURE TO ACCURATELY DISCLOSE LITIGATION HISTORY

Plaintiff was asked on the complaint form to disclose his litigation history. Plaintiff answered "No." when asked if he "had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike.'"[1] This answer was not truthful because two of Plaintiff's cases in this district were dismissed as malicious. *See Murzike v. Florida Department Of Corrections*, 3:20-cv-05958-LC-EMT; *Murzike v. Spear Et Al*, 3:22-cv-01467-TKW-HTC.

Additionally, although Plaintiff also answered "No," to the question asking him if he had "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement," Doc. 1 at 22-23, Plaintiff identified thirteen (13) cases. That list, *however*, omits at least 16 other cases he filed, including the following four (4) cases he filed in this district: *Murzike v. Florida Department Of Corrections*, 3:20-cv-05958-LC-EMT (dismissed for failure to prosecute and to comply with orders to file an amended complaint); *Murzike v. Spear Et Al*, 3:22-cv-01467-TKW-HTC (dismissed for abuse of judicial process); *Murzike v. Quinn Et Al*, 3:24-cv-00196-LC-ZCB (conditions case still pending; RR pending to dismiss as malicious for failure to disclose litigation); and

---

[1] The cases that count as a "strike," under 28 U.S.C. § 1915(g) are those that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

Case No. 3:24cv211-LC-HTC

*Murzike v. Ellis Et Al*, 3:24-cv-00197-LC-ZCB (conditions case still pending; RR pending to dismiss as malicious for failure to disclose litigation).

Despite failing to truthfully disclose his litigation history, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." Doc. 1 at 24. Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of

dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2. That the clerk closes the file.

At Pensacola, Florida, this 7th day of June, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:24cv211-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.